H. A. RITZ *et al.* v. THE WOMAN'S CLUB OF CHARLESTON, *a corporation*

(No. 7830)

Submitted February 14, 1934. Decided March 6, 1934.

676

WOODS, PRESIDENT, dissenting.

*Owen, Silverstein & Davis,* for appellant.
*Brown, Jackson & Knight* and *B. J. Pettigrew,* for appellees.

HATCHER, JUDGE:

This is a suit to enjoin night dances in the club house of the defendant. The circuit court found that the dances constituted a nuisance and enjoined their continuation later than nine o'clock at night. The defendant appealed.

The club house is situated in a residential district of the city. The house was opened in March, 1929. At that time, and continuously since, the plaintiffs owned and occupied residences in the immediate neighborhood of the club house. Between the opening and June, 1930, fifty-eight public dances lasting far into the night were held at the club house. Those dances were patronized by goodly numbers who came mostly in cars. There is no question that all of the public dances were very noisy; that some of them were attended with boisterous, drunken and unseemly conduct around the club house; that some of the dancers committed indecent trespasses on the neighboring properties; and that the dances deprived the plaintiffs of rest and sleep and otherwise greatly annoyed them. A protest against the dances was made to defendant on behalf of the plaintiffs in June, 1930, and the dances were discontinued until the following November when defendant announced that it would limit future evening dancing in the club house to private dances. From November until April, 1931, when this suit was brought, ten such dances were held at which the dancing stopped at twelve P. M. The private dances were chaperoned and supervised by some member of the club or other responsible person. A policeman was present for the purpose of preserving order around the club house. The supervisors testified that they saw but few infractions of

decorum at the private dances, and that they were not disturbed by the dance noises. The plaintiffs testified, however, that they saw little, if any, improvement in the conduct of the dancers outside of the club house, and that the general noises of the private dances, such as the dance music and the hubbub of the assembling and departing dancers (laughter, calling back and forth, operating the cars, blowing horns, etc.), were just as irritating as those of the public dances. The policeman, who was seemingly unprejudiced, testified that at dances attended by the younger set "the boys got to drinking, some of them * * * and it would cause quite a bit of confusion * * * there were some of them that wouldn't behave themselves."

A resume of the evidence in detail would serve no useful purpose. The evidence of plaintiffs is ample to support the finding of the circuit court. We have said in cases, too numerous to mention, that we would not disturb the finding of the trial chancellor on conflicting evidence where he was thus supported, unless we could say he was plainly wrong. *White* v. *Graham*, 112 W. Va. 451, 164 S. E. 664. We cannot say that in this suit.

Noise alone may create a nuisance, depending on time, locality and degree. Wood on Nuisances (3d Ed.), sec. 611; Joyce on Nuisances, secs. 174-5; 20 R. C. L., subj. Nuisances, sec. 60. It is settled that where an unusual and recurring noise is introduced in a residential district, and the noise prevents sleep or otherwise disturbs materially the rest and comfort of the residents, the noise may be inhibited by a court of equity. *Snyder* v. *Cabell*, 29 W. Va. 48, 1 S. E. 241; *Gilbrough* v. *Amusement Co.*, 64 N. J. Eq. 27, 28-9, 53 A. 289; *Roukovina* v. *Island Co.*, 160 Minn. 335, 200 N. W. 350; Pomeroy's Eq. Juris (2d Ed.), sec. 1929, note 16. As was said by the Supreme Court of Pennsylvania in *Appeal of the Ladies Decorative Art Club*, 13 A. 537, 539, 22 Weekly Notes of Cases 75, 77: "There are numerous places in which a noisy occupation can be carried on without detriment or discomfort to other people. If such a business is brought into a neighborhood consisting exclusively of dwelling-houses, and it is carried on in such manner that great personal discomfort and continual annoyance are occasioned thereby, those who suffer the injury

are entitled to equitable relief against it." This ruling has been specifically applied to the music and other noises attendant upon dances. *Edmunds* v. *Duff*, (Pa.) 124 Atl. 489, 491; 33 A. L. R. 719, 723; *Bielecki* v. *Port Arthur*, (Tex.) 2 S. W. (2d) 1001; *Phelps* v. *Winch*, 309 Ill, 158, 140 N. E. 847; Wood, *supra*, sec. 632; 20 R. C. L., *supra*, sec. 32.

The defendant owes a large sum of money on its club house and is dependent almost entirely on revenue derived from the dances to meet its obligations. Without such revenue it may lose the club house. Such loss would be a loss to the city at large and defendant would invoke in its behalf the "comparative injury" doctrine. As a concrete answer to that position, the plaintiffs point to their testimony which was not controverted that the operation of the club house as a dance hall had repelled prospective purchasers of their properties and had impaired materially the sales value of the properties. Pomeroy says that "the weight of authority is against allowing a balancing of injury as a means of determining the propriety of issuing an injunction." Eq. Juris., *supra*, 1944. See also sec. 1945. Accord: 20 R. C. L., *supra*, sec. 93. Even where the doctrine is recognized it is applied "with great caution". Lawrence on Eq. Juris. sec. 47. Moreover, "there can be no balancing of conveniences when such balancing involves the preservation of an established right." *Sullivan* v. *Steel Co.*, 208 Pa. 540, 555, 57 A. 1065, 1071. The rights of habitation of plaintiffs are established and so the doctrine must yield to them. *Brede* v. *Stone Co.*, 143 Minn. 374, 379, 173 N. W. 805. The fact that the primary purpose of defendant is to serve the public does not alter the situation. It would be manifestly unfair to require plaintiffs to bear all the ill-effects of this nuisance, merely that the public might benefit indirectly. The Constitution itself forbids injury to private property for a public purpose without just compensation. There is no compensation to the plaintiffs for this nuisance. Consequently, loss to the public cannot affect their rights herein. *Stark* v. *Coe*, (Tex.) 134 S. W. 373.

The decree of the circuit court is affirmed.

*Affirmed.*

Woods, President, dissenting:

I am of opinion that in addition to the authorization of dances in The Woman's Club to be adjourned not later than 9 o'clock P. M., as permitted by the order of the circuit court, the injunction should be modified to permit the holding of not to exceed two dances a month to be adjourned not later than 12 o'clock P. M., under proper supervision.