295 S.E.2d 924

**BERKELEY COUNTY COMMISSION**

**v.**

**Greg SHILEY, d/b/a Shiley Enterprises, et al.**

**No. 15061.**

Supreme Court of Appeals of West Virginia.

Sept. 20, 1982.

William A. O'Brien, Martinsburg, for appellee.

D. Michael Burke, Askin & Burke, Martinsburg, for appellants.

HARSHBARGER, Justice:

Mr. Shiley appealed an August, 1980 Berkeley County Circuit Court decision permanently enjoining him from "promoting, holding, or allowing the lands known as Shiley Acres to be used for any rock concerts, or any other concerts." He had been promoting rock concerts on his parents' farm since 1976. Before he started this business, he went to the Sheriff and County Commission for suggestions and advice about complying with relevant laws. He followed all their instructions, including altering the concerts' starting times and limiting audience size. His last concert was held June 15, 1980. The Berkeley County Commission, allegedly at the behest of several complaining citizens, got an *ex parte* temporary injunction prohibiting Shiley's June 22, 1980 concert, and a permanent injunction issued after four hearings in July.

Testimony at these hearings was conflicting.* Nine neighbors testified that the concerts did not bother them and that they had observed no offensive conduct by anyone attending the concerts. Other neighbors complained about traffic congestion and people urinating in a road that was used for access to Shiley's land. Several witnesses attributed the traffic congestion to police who were checking inspection stickers as cars left the concert.

* We must rely on the parties' briefs about testimony because no record has been furnished

Police officers said they arrested individuals for public intoxication after the last concert, but another policeman testified that the only problem he encountered was that someone tried to buy beer before one o'clock on Sunday at a convenience store near the concert grounds.

Judith Rice, a health inspector, testified that Shiley's grounds were inspected before and after every concert, grounds were kept clean, and sanitary facilities were more than adequate for people attending the concerts.

Shiley offered to make any necessary changes to ameliorate problems, such as hiring additional security guards and changing the direction of his stage to send sound away from complaining neighbors.

Shiley's appeal challenged the County Commission's authority to obtain this injunction, its characterization of his concerts as nuisances, and the constitutionality of *ex parte* temporary injunctions.

The Commission relied upon W.Va.Code, 16-3-6, to abate Shiley's "nuisance":

The state director of health or any county or municipal health officer shall inquire into and investigate all nuisances *affecting public health* within his jurisdiction; and the said director or any such officer *or the county commission of any county* or any municipality is authorized and empowered to apply to the circuit court of the county in which any such nuisance exists, or to the judge thereof in vacation, for an injunction forthwith to restrain, prevent or abate such nuisance. (Emphasis added.)

A county commission only has powers expressly conferred by the West Virginia Constitution and our State Legislature, or powers reasonably and necessarily implied for exercise of those expressed powers. Syllabus Point 1, *State ex rel. County Court of Cabell County v. Arthur*, 150 W.Va. 293, 145 S.E.2d 34 (1965). It can only do those things that are authorized and only in the manner or mode prescribed by law. Syllabus Point 3, *Barbour* to us.

*v. County Court of Mercer County*, 85 W.Va. 359, 101 S.E. 721 (1920).

We have quoted Code, 16–3–6 and emphasized that a county commission may apply for circuit court injunctions to restrain, prevent or abate "nuisances affecting public health." Article 3 of Chapter 16 is entitled, "Prevention and Control of Communicable, and Other Infectious Diseases"; Section 6 thereof is "Nuisances Affecting Public Health." When Section 6 is interpreted in light of the Article and Chapter in which it is found, it is clear that it was intended to authorize public officials, including a county commission, to abate public health nuisances.

This is consistent with other interpretations of this section. In *Board of Commissioners v. Elm Grove Mining Co.*, 122 W.Va. 442, 9 S.E.2d 813 (1940), wherein Code, 16–3–6 was relied upon to abate a public health nuisance, the county commissioners successfully brought an action to abate sulfur emissions from a burning gob pile which were causing area citizens to have respiratory ailments. But county commissions do not have the authority to condemn and demolish abandoned buildings unless the buildings threaten public health by fostering the spread of disease. 51 Op.Atty.Gen. 236 (1965).

Code, 7–1–3, *et seq.*, delineates county commissions' jurisdiction, powers and duties, and there we find no authorization for a commission to try to enjoin nuisances. The Chapter 16 provision dealing with public health is a commission's only authority.

The Legislature has not given to the county commissions, as it has to municipalities, a general power to abate public nuisances. Code, 8–12–5(23). Presumably this is in recognition of the more rural nature of the county such that public nuisances are less likely to occur.

There was no evidence that "public health" was affected in any way by Shiley's concerts. Therefore, the circuit court's decision granting an injunction must be reversed.

We do not respond to Shiley's other arguments because the case is resolved on the county commission's lack of authority to bring this suit.

Reversed.