502 S.E.2d 178

Jeri FOSTER, Appellant,

v.

GOOD SHEPHERD INTERFAITH VOL-
UNTEER CAREGIVERS, INC., a West
Virginia corporation, Cress Creek Golf
& Country Club, Inc., a West Virginia
corporation, and The Rotary Club of
Shepherdstown, Inc., a West Virginia
corporation, Appellees.

No. 24448.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 20, 1998.

Decided March 12, 1998.

Lawrence M. Schultz, Burke & Schultz, Martinsburg, for Appellant.

Nancy A. Dalby, Braun A. Hamstead, Charles Town, for Appellee Good Shepherd Interfaith Volunteer Caregivers, Inc.

Russell R. Marks, Charleston, for Appellee Cress Creek Golf & Country Club, Inc.

Christopher D. Janelle, Henry, Taylor & Janelle, Martinsburg, for Appellee Shepherdstown Rotary, Inc.

PER CURIAM: [1]

This appeal was brought by the appellant, Jeri Foster, the plaintiff below, requesting that this Court reverse the order of the Jefferson County Circuit Court entered on April 10, 1997 which denied the plaintiff's motion to set aside and vacate a judgment of dismissal. The dismissal was entered in favor of all three defendants after one defendant, Good Shepherd Interfaith Volunteer Caregivers ("Good Shepherd"), filed a supplemental motion to dismiss. The trial court treated Good Shepherd's supplemental motion to dismiss as a motion for summary judgment for all defendants, and dismissed the case with prejudice. The appellant argues first, that the circuit court erred in granting the dismissal, and second, that the circuit court further erred in denying appellant's motion to set aside the judgment.

We find that the trial court abused its discretion in denying appellant's motion to set aside and vacate the judgment, and erred in granting Good Shepherd's supplemental motion to dismiss. Accordingly, we reverse and remand this matter for further proceedings.

I.

On May 10, 1996, the appellees and defendants below, Good Shepherd and The Rotary Club of Shepherdstown ("Rotary") sponsored a charity golf tournament that was hosted by appellee and defendant below Cress Creek Golf & Country Club ("Cress Creek").

The appellant, Jeri Foster, entered the contest. On the day of the event Foster received a copy of the rules governing the tournament that included a listing of the prizes to be awarded. The rules also stated the tournament format. The players were instructed that the "Men will play from the Blue tee and the Ladies will play from the red tee markers." The copy of the rules also listed "Hole in One prizes," including one for the 11th hole which was a "new car valued at $20,000.00 from Opequon Motors."

During tournament play the appellant hit a hole-in-one on the 11th hole playing from the red tee marker. After celebrating her shot, she was informed that she would not be awarded the prize because she had played from the ladies' tee and not the men's.

Through a verified complaint the appellant filed suit requesting that the defendants honor their promise of a new car. All three defendants filed separate motions to dismiss prior to filing answers to the appellant's complaint. Counsel for the appellant filed a brief opposing these motions. By order dated December 10, 1996 the circuit court denied all three defendants' motions to dismiss, asserting that the plaintiff's complaint did state a cause of action.

On December 16, 1996 defendant Good Shepherd filed a "Supplemental Motion to Dismiss" and attached an affidavit of an individual who claimed to have been with the appellant when appellant made her hole-in-one, and claimed that the appellant had stated at the time that she knew she had not won.

Counsel for the appellant mailed a response to Good Shepherd's supplemental motion to dismiss to the clerk of the circuit

---

1. We point out that a *per curiam* opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

court on January 6, 1997, but the response was not recorded as filed in the circuit clerk's office until January 8, 1997. On the same day the response was filed, the circuit court entered an order dismissing the case in favor of all three defendants.[2] Stamped on the order was the following: "NOTE TO COUNSEL THE COURT HAS RECEIVED NO PLEADINGS IN OPPOSITION TO THIS MOTION DURING THE TIME PERIOD CONTEMPLATED BY THE LOCAL RULE." Local Rule 92–AD–105 requires that any motion must be responded to within 15 days of service.[3]

Following the dismissal, a new attorney was hired by the appellant who subsequently filed a motion seeking to vacate the dismissal order pursuant to *West Virginia Rule of Civil Procedure*, 60(b).[4] Appellant's motion was denied; this appeal followed.

## II.

We first examine the appellant's argument that the circuit court's denial of appellant's Rule 60(b) motion to set aside and vacate judgment of dismissal was error.

We have held that "[a] motion to vacate a judgment made pursuant to *Rule* 60(b), W.Va.R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syllabus Point 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974). *In accord*, Syllabus Point 1, *Jackson General Hospital v. Davis*, 195 W.Va. 74, 464 S.E.2d 593 (1995); Syllabus Point 1, *Nancy Darlene M. v. James Lee M.*, 195 W.Va. 153, 464 S.E.2d 795 (1995).

We have previously analogized dismissals to default judgments. *See, e.g., Davis v. Sheppe*, 187 W.Va. 194, 417 S.E.2d 113 (1992); *Toler v. Shelton, supra*. In default judgment and dismissal cases we have stated that public policy favors results based on the merits of a particular case and not on technicalities. "Although courts should not set aside default judgments or dismissals without good cause, it is the policy of the law to favor the trial of all cases on their merits." Syllabus Point 2, *McDaniel v. Romano*, 155 W.Va. 875, 190 S.E.2d 8 (1972). *In accord*, Syllabus Point 3, *Davis v. Sheppe, supra*.

In *Davis v. Sheppe, supra*, the plaintiff's attorney failed to appear for trial and the circuit court granted the defendant's motion to dismiss the case for failure to prosecute. The plaintiff appealed the circuit court's dismissal without filing a motion pursuant to *West Virginia Rule of Civil Procedure*, Rule 60(b). We treated the plaintiff's appeal as an appeal from a Rule 60(b) motion and determined that the judge abused his discretion in dismissing the matter.

Looking to the federal courts and other jurisdictions this Court has made clear that a dismissal is the harshest of sanctions and should be rendered only in extreme situations. In *Davis* we said:

> Rightfully, courts are reluctant to punish a client for the behavior of his lawyer.... Therefore, in situations where a party is not responsible for the fault of his attorney, dismissal may be invoked only in extreme circumstances.... Indeed, it has been observed that '[t]he decided cases, while noting that dismissal is a discretionary matter, have generally permitted it only in the face of a clear record of delay

**2.** It is unclear which document was filed first on January 8, 1997 because the time clock utilized by the Jefferson County circuit clerk appears to have been locked on 12:30 p.m.; all documents in the record of this case which have time stamps are stamped as "12:30 p.m." We would note, however, that the appellant's response precedes the circuit court's order in the court file.

**3.** Rule 83 of the *West Virginia Rules of Civil Procedure* allows for local rules to be established so that the individual circuit courts can govern their proceedings. Local rules must be approved by the Supreme Court of Appeals and not be

inconsistent with the other rules of civil procedure. The local rule used in this matter was approved by the Supreme Court of Appeals in December of 1992.

**4.** The Supreme Court of Appeals recently made substantial amendments to the *West Virginia Rules of Civil Procedure;* the changes are to become effective April 6, 1998.

Rule 60 of the *West Virginia Rules of Civil Procedure* was amended to extend the time to file a Rule 60(b)(1), (2), or (3) motion from eight months to one year.

or contumacious conduct by the plaintiff.' *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir.1967). Appellate courts frequently have found abuse of discretion when trial courts failed to apply sanctions less severe than dismissal.... And generally lack of prejudice to the defendant, though not a bar to dismissal, is a factor that must be considered in determining whether the trial court exercised sound discretion.

*Davis v. Sheppe*, 187 W.Va. at 197, 417 S.E.2d at 116, *quoting Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir.1974) (citations omitted).

■ In *Bell v. Inland Mutual Insurance Co.*, 175 W.Va. 165, 172, 332 S.E.2d 127, 134, (1985) we similarly stated that the rendering of judgment by default under *West Virginia Rule of Civil Procedure*, Rule 37, was also considered the harshest of sanctions and that this sanction "should be used sparingly and only in extreme situations" because the policy of law favors disposition on the merits.

■ A circuit court when presented a Rule 60(b) motion should bear in mind the policy behind the rule. "A court, in the exercise of discretion given it by the remedial provisions of *Rule* 60(b), W.Va.R.C.P., should recognize that the rule is to be liberally construed for the purpose of accomplishing justice and that it was designed to facilitate the desirable legal objective that cases are to be decided on the merits." Syllabus Point 6, *Toler v. Shelton, supra*. "Rule 60(b) should be liberally construed to accomplish justice[.]" *Kelly v. Belcher*, 155 W.Va. 757, 773, 187 S.E.2d 617, 626 (1972). *See also, Cruciotti v. McNeel*, 183 W.Va. 424, 430, 396 S.E.2d 191, 197 (1990).

■ Next, we examine appellant's argument that it was error for the circuit court to grant Good Shepherd's supplemental motion to dismiss, the underlying basis for the denial of appellant's motion to set aside and vacate judgment of dismissal.

In the instant case Good Shepherd filed a supplemental motion to dismiss six days after the trial court denied all of the defendants' original motions to dismiss.

The attorney for the appellant mailed a response to defendant Good Shepherd's supplemental motion to dismiss two days before an order dismissing the case was entered. Appellant's response was, however, filed a few days late under Local Rule 92–AD–105. The local rule lists seven instances in which its 15–days to respond would not apply. We find it ironic that a motion for default judgment is one of the "exclusions" listed in the local rule, when, in this case, the appellant's action was dismissed, in essence, by default.[5]

In addition to citing the local rule governing time for responses, the circuit court, in ruling for all defendants, converted Good Shepherd's supplemental motion to dismiss into a motion for summary judgment pursuant to *West Virginia Rule of Civil Procedure*, Rule 56.[6]

As we stated in Syllabus Point 1 of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), we review a circuit court's entry of summary judgment *de novo*.

Rule 56(e) does not specifically require a counter-affidavit, but states that a court may "permit [movant's] affidavits to be ... opposed by depositions, answers to interrogatories, or further affidavits." It also states that when a motion for summary judgment is made "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Rule 56(c) also sets forth what may be examined by a judge in

---

5. The seven situations excluded from the 15–day time limit established in Local Rule 92–AD–105 are as follows:

   1. In cases in which a *pro se* party has appeared of record;
   2. Motions for default judgments;
   3. Petitions for extraordinary remedies;
   4. Rule 6(b) motions;
   5. Motions concerning subpoenas;

   6. Issues of an emergent nature arising from aborted depositions; and
   7. Motions to set a trial date or to establish a discovery schedule or for a status hearing.

6. Rule 56 of the *West Virginia Rules of Civil Procedure* was recently amended; *see supra,* footnote 4.

   No substantive changes were made in Rule 56.

deciding on a summary judgment motion. Rule 56(c) provides that "[t]he judgment sought shall be rendered forthwith if the *pleadings,* depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Emphasis added.)

In this case the appellant's counsel filed two separate briefs in opposition to the defendants' motions to dismiss and, in the briefs, counsel directed the court's attention to the contest rules and to appellant's sworn factual statements in her *verified* complaint.

*Blacks Law Dictionary* defines affidavit as:

A written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person have authority to administer such oath or affirmation.

*Black's* defines verification as a "confirmation of correctness, truth or authenticity, by affidavit, oath, or deposition." A verified complaint is not a "mere allegation" but a statement sworn to before a notary. Therefore we believe that the circuit court had two opposing sworn statements of fact presented to it. Our view of these statements indicates that they created material questions of fact; therefore, the case was not properly subject to summary judgment.

### III.

In this case the circuit court erred in granting summary judgment for the defendants, and abused its discretion in denying the appellant's motion to vacate its order of dismissal. Therefore, the judgment of the Circuit Court of Jefferson County is reversed and this matter is remanded for further proceedings.

Reversed and Remanded.