613 S.E.2d 94

**Anthony BOOKER, Amy Booker and Norma J. Joyce, Plaintiffs Below, Appellants,**

v.

**Carolyn FOOSE, Shirley Foose, Century 21 Action Realty, Inc., Sandra Underwood, Mary Lee Sparks and Myra Moir, Defendants Below, Appellees.**

No. 31769.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 8, 2005.

Decided March 15, 2005.

Clinton W. Smith, Esq., Charleston, for Appellants.

Carolyn Foose, Pro Se, Shirley Foose, Pro Se, St. Albans.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Kanawha County entered on October 16, 2003. In that order, the circuit court granted summary judgment in favor of the appellees and defendants below, Carolyn Foose, Shirley Foose,[1] Century 21 Action Realty, Inc., Sandra Underwood, Mary Lee Sparks, and Myra Moir. In their petition for appeal, the appellants and plaintiffs below, Anthony and Amy Booker and Norma J. Joyce, asserted several assignments of error. We granted the appeal, but limited our review to the issue of whether summary judgment was appropriate with regard to the nuisance claim asserted against the Fooses. Having considered the entire record, the briefs of the parties, and the applicable law, we affirm the circuit court's decision for the reasons set forth below.

## I.

## FACTS

On April 30, 2002, Norma J. Joyce purchased a house located at 921 Sutherland Drive, St. Albans, West Virginia. Since that time, Anthony and Amy Booker and their children have resided in the home. On March 7, 2003, Ms. Joyce and the Bookers (hereinafter collectively referred to as "appellants") filed suit against their neighbors, Carolyn Foose and her mother Shirley Foose, as well as, Century 21 Action Realty, Inc., and three of its agents.

The appellants asserted a nuisance claim against the Fooses alleging that Carolyn Foose was disrupting their quiet enjoyment of their property by:

a. Repeatedly calling Child Protective Services and making false reports of abuse and neglect on the appellants.

b. Photographing the appellants and their children.

c. Video recording the activity of the appellants.

d. Posting signs in her window stating that state and federal charges have been filed against the appellants for illegal parking, trespassing, verbal assault and ADA violations.

e. Photographing and videotaping the guests and visitors of the appellants.

f. Trespassing on the appellants' property and looking in the windows of the appellants' house.

---

1. In the final order, the circuit court stated that it was granting the Fooses' motion to dismiss pursuant to Rule 12 of the West Virginia Rules of Civil Procedure. However, we have chosen to treat the circuit court's ruling as one of summary judgment. In Syllabus Point 4, in part, of *United States Fidelity and Guaranty Co. v. Eades*, 150 W.Va. 238, 144 S.E.2d 703 (1965), *overruled on other grounds by Sprouse v. Clay Communication, Inc.*, 158 W.Va. 427, 211 S.E.2d 674 (1975), this Court held that, "Only matters contained in the pleading can be considered on a motion to dismiss under Rule 12(b) R.C.P., and if matters outside the pleading are presented to the court and are not excluded by it, the motion should be treated as one for summary judgment and disposed of under Rule 56 R.C.P. if there is no genuine issue as to any material fact in connec-

tion therewith." The final order states that in granting the Fooses' motion, the court considered "the pleadings, the parties' arguments, the applicable law, and the remainder of the record." In addition, the final order indicates that the appellants were given the opportunity to file a written response to the motion, although they apparently failed to do so. Thus, it is clear that the circuit court considered matters outside of the pleadings in making its ruling. Accordingly, the court's ruling must be viewed as one of summary judgment. *See Kopelman and Associates, L.C. v. Collins*, 196 W.Va. 489, 494 n. 6, 473 S.E.2d 910, 915 n. 6 (1996) ("'[W]e are not bound by the label employed below, and we will treat the dismissal as one made pursuant to' the most appropriate rule." (Citation omitted.)).

g. Repeatedly calling the St. Albans Police Department and making false reports of criminal conduct by the appellants.

The appellants further alleged that Shirley Foose, by allowing her daughter, Carolyn Foose, to live with her and failing to control her conduct, was thereby permitting a nuisance on her real property.

The appellants also asserted that Century 21 Action Realty, Inc., and its agents, Sandra Underwood, Mary Lee Sparks, and Myra Moir (hereinafter collectively referred to as "Century 21") knew of the tendency of Carolyn Foose to engage in the above described activities and failed to disclose the same. The appellants further alleged that Century 21 made false representations by telling them that the house was in a great neighborhood; that it was a great place for children; that there were nice people in the neighborhood; that Carolyn Foose had been watching over the property since it had been vacant for eight months; and that Carolyn Foose was very friendly and "not a problem." The appellants claimed that as a result of these misrepresentations they suffered a reduction in the value of their property, loss of enjoyment of their property, emotional distress, aggravation, and monetary damages.

A scheduling order was entered by the circuit court on September 30, 2003. At that time, the circuit court deemed correspondence from Carolyn Foose dated May 1, 2003, to be a motion to dismiss pursuant to Rule 12 of the West Virginia Rules of Civil Procedure. The court also noted that Century 21 had filed a motion for summary judgment. The appellants were given ten days to respond to the motions, but they failed to do so. On October 16, 2003, the circuit court entered an order granting the Fooses' motion to dismiss and Century 21's motion for summary judgment. Thereafter, on February 25, 2004, the appellants filed a petition for appeal with this Court. By order dated June 9, 2004, we granted the appeal but limited our review to the sole issue of whether the circuit court's grant of summary judgment on the issue of nuisance was proper.[2]

2. *See* note 1, *supra.*

## II.

### STANDARD OF REVIEW

■ Pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, summary judgment is required when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Accordingly, in Syllabus Point 3 of *Aetna Casualty & Surety Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963), this Court held that, "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." In Syllabus Point 1 of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), this Court declared that, "A circuit court's entry of summary judgment is reviewed *de novo.*" With these standards in mind, we now consider whether summary judgment was appropriate with regard to the nuisance claim at issue.

## III.

### DISCUSSION

■ The appellants contend that the actions of Carolyn Foose constitute a nuisance under West Virginia law, and therefore, the circuit court erred by granting summary judgment to the Fooses. The appellants rely upon this Court's holding in Syllabus Point 1 of *Hendricks v. Stalnaker*, 181 W.Va. 31, 380 S.E.2d 198 (1989), which states that, "A private nuisance is a substantial and unreasonable interference with the private use and enjoyment of another's land." The appellants argue that the conduct of Carolyn Foose which includes making false reports about them to Child Protective Services and the St. Albans City Police; photographing and video recording them and their friends; posting signs alleging that they are involved in criminal matters; and engaging in "Peeping Tom" activities constitutes a private nuisance as defined by this Court. The appellants say that being photographed in their own yard and falsely accused time and time

again is more than a slight inconvenience or petty annoyance. They maintain that Carolyn Foose's conduct has resulted in a real and appreciable invasion of their interests. They say that her actions have disturbed their use of their property and are unreasonable.

This Court has long since recognized that "nuisance is a flexible area of the law that is adaptable to a wide variety of factual situations." *Sharon Steel Corp. v. City of Fairmont*, 175 W.Va. 479, 483, 334 S.E.2d 616, 621 (1985). In fact, "[i]t has been said that the term 'nuisance' is incapable of an exact and exhaustive definition which will fit all cases, because the controlling facts are seldom alike, and each case stands on its own footing." *Harless v. Workman*, 145 W.Va. 266, 273–74, 114 S.E.2d 548, 552 (1960). Nonetheless, "the term ['nuisance'] is generally 'applied to that class of wrongs which arises from the unreasonable, unwarrantable or unlawful use by a person of his own property and produces such material annoyance, inconvenience, discomfort, or hurt that the law will presume a consequent damage.'" *Harless*, 145 W.Va. at 274, 114 S.E.2d at 552 (citation omitted). Stated another way, "nuisance is the unreasonable, unusual, or unnatural use of one's property so that it substantially impairs the right of another to peacefully enjoy his or her property." 58 Am.Jur.2d *Nuisances* § 2 (2002).

For example, in *Taylor v. Culloden Public Service District*, 214 W.Va. 639, 591 S.E.2d 197 (2003), this Court found that landowners had alleged damages for temporary and permanent nuisance sufficient to defeat a motion for summary judgment. In that case, landowners contended that the owner and operator of a wastewater treatment facility was discharging effluents into waters that flowed across their property. Similarly, in *Arnoldt v. Ashland Oil, Inc.*, 186 W.Va. 394, 412 S.E.2d 795 (1991), residents brought a nuisance action against a nearby refinery alleging that air emissions therefrom were interfering with their use and enjoyment of their property. In *Hendricks, supra*, this Court considered whether a water well was a nuisance because it precluded adjacent landowners from developing a septic system on their

property due to health department regulations governing noninterference with well water. *See also Berkeley County Comm'n v. Shiley*, 170 W.Va. 684, 295 S.E.2d 924 (1982) (whether using farm land as a location for rock concerts was a nuisance); *Sticklen v. Kittle*, 168 W.Va. 147, 287 S.E.2d 148 (1981) (whether construction of a proposed school on a site adjacent to an airport constituted a nuisance to the airport); *Mahoney v. Walter*, 157 W.Va. 882, 205 S.E.2d 692 (1974) (whether operation of an automobile salvage yard in a residential community was a nuisance); *Flanagan v. Gregory & Poole, Inc.*, 136 W.Va. 554, 67 S.E.2d 865 (1951) (whether an inadequate culvert causing flooding on adjacent property constituted a nuisance); *State ex rel. Ammerman v. City of Philippi*, 136 W.Va. 120, 65 S.E.2d 713 (1951) (whether denial of a building permit to a tire recapping business was proper where it was alleged that noise and odors therefrom would be a nuisance); *Ritz v. Woman's Club of Charleston*, 114 W.Va. 675, 173 S.E. 564 (1934) (whether noise from dances held at defendant's clubhouse created a nuisance).

In the case before us, it has not been alleged that the Fooses are using their property in such a manner that it is interfering with the appellants' use and quiet enjoyment of their property. Rather, it is the actions and conduct of Carolyn Foose about which the appellants complain. While Carolyn Foose may have made false reports to the police department about the appellants from her property and videotaped their activities while standing in her yard, the appellants have presented no evidence that Carolyn Foose has used her property in any way that has substantially and unreasonably interfered with their private use and peaceful enjoyment of their property.

This Court understands that the appellants may have been inconvenienced and even outraged by the actions of Carolyn Foose. However, as the cases discussed above illustrate, "[t]he crux of a nuisance case is unreasonable land use." *Frank v. Environmental Sanitation Management, Inc.*, 687 S.W.2d 876, 880 (Mo.1985). The appellants have simply not shown that Carolyn Foose has used her property in such a

way that it has substantially impaired their right to use and enjoy their property. In Syllabus Point 2 of *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995), this Court held that,

Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

Therefore, we must affirm the decision of the circuit court granting summary judgment in favor of the Fooses on the nuisance claim asserted by the appellants.

## IV.

## CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Kanawha County entered on October 16, 2003, is affirmed.

Affirmed.