**SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellant,**

v.

**POWER RESOURCES CORPORATION et al., Defendants-Appellees.**

No. 73-1657.

United States Court of Appeals, Tenth Circuit.

April 16, 1974.

36. *See,* for a very similar case factually, Pistone v. Romano (D.C.Pa.1972) 349 F.Supp. 293, 295, aff. (3 Cir.) 481 F.2d 1399.

**298**

David Ferber, Washington, D. C. (Lawrence E. Nerheim, Gen. Counsel, Richard E. Nathan, Asst. Gen. Counsel, and Joan B. Weiner, Securities and Exchange Commission, on the brief), Washington, D. C., for plaintiff-appellant.

Paul N. Cotro-Manes, Salt Lake City, Utah, for defendant-appellee R. Blair Lund.

Before CLARK,* Justice, and HILL and SETH, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the District of Utah dismissing an action by the Securities and Exchange Commission (SEC) for failure to prosecute.

The SEC instituted the action on June 30, 1970, alleging that appellees had fraudulently offered and sold unregistered securities in violation of the Securities Acts of 1933 and 1934.[1] Two days later it filed a motion for a preliminary injunction, stating that unless enjoined appellees would continue the same pattern of fraudulent conduct. This motion, however, was not heard until May 29, 1973. At that time the trial court denied the motion, and pursuant to Rule 41(b), F.R.Civ.P., dismissed the action against all remaining defendants for failure to prosecute.[2]

On appeal, the SEC contends the trial court abused its discretion, and requests that the action be reversed and the cause remanded to a different judge.

■■ A trial court may, on motion of a defendant or on its own motion, dismiss an action for failure of the plaintiff to prosecute it with reasonable diligence. Rule 41(b), F.R.Civ.P. *See also* Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal is within the trial court's sound discretion and should be sustained absent an abuse of that discretion. Food Basket, Inc. v. Albertsons, Inc., 416 F.2d 937 (10th Cir. 1969).

■■ There is no precise rule as to what circumstances justify a dismissal for failure to prosecute. Instead, the procedural history of each case must be examined to make such a determination. Here, we are faced with a three year delay. The SEC attempts to excuse this period of inactivity on the grounds it was conducting discovery to obtain relevant information. The record discloses, however, that the SEC was substantially ready for trial as a result of discovery conducted prior to the institution of the action.

The record also discloses that the SEC made no effort whatsoever to have its motion heard. It seeks to place the blame for this upon the trial court, and argues that no local rules exist to inform counsel as to what action, beyond filing of the motion, is required. This does not excuse its failure to diligently prosecute the case. There is no evidence

* Honorable Tom C. Clark, Associate Justice, Retired, United States Supreme Court, sitting by designation.

1. Specifically, the complaint alleged that appellees had violated 15 U.S.C. §§ 77e(a), 77e(c), 77q(a), 78j(b) and 17 C.F.R. § 240.-10b–5.

2. During the three year interim the SEC had obtained permanent injunctions, by consent, against ten of the defendants.

that the motion would not have been heard if requested.

Under such circumstances we believe the trial court properly exercised its discretion in dismissing the action for failure to prosecute.

Affirmed.