417 S.E.2d 113

**David Paul DAVIS, Plaintiff Below, Appellant,**

v.

**Joseph SHEPPE, D.D.S., Defendant Below, Appellee.**

No. 20166

Supreme Court of Appeals of West Virginia.

Submitted Jan. 28, 1992.

Decided April 22, 1992.

Benjamin N. Snyder, Clendenin, for appellant.

Richard L. Earles, Shuman, Annand & Poe, Charleston, for appellee.

MILLER, Justice:

The plaintiff below, David Paul Davis, appeals a June 21, 1990 order of the Circuit Court of Kanawha County which dismissed his medical malpractice suit. The basis for the dismissal was plaintiff's counsel's failure to appear at trial.

This case had originally been set for trial on May 14, 1990, and the parties appeared on this date. However, the trial court advised the parties that "this case is the fifth one down." As a consequence, they were placed on standby, with the court making this statement as to the subsequent arrangement for the trial:

"All right, Mr. Snyder, Mr. Earles, you-all are excused. Please, as far as I am concerned you are on standby. If something should happen to one of these cases today, you could be called and expect to begin tomorrow or, at the latest, on Wednesday. If the case is not scheduled on Wednesday, it will be rescheduled.

"So if you don't hear from me or Jimmy Thaxton between now and Wednesday morning, you will be back here on

Wednesday morning so a new scheduling order can be entered scheduling the case for trial. All right?"

According to plaintiff's counsel, he then proceeded to transact business for the rest of that day out of his office, which was located in Elkview. He attended a council meeting in Clendenin that evening and did not return home until 11:00 p.m.

Plaintiff's counsel asserts that he was unaware that his secretary had become ill and had left the office at around 2:00 p.m. on May 14. He did not go to his office on May 15, but proceeded to a previously scheduled meeting in Roane County, where he arrived at approximately 10:00 a.m. He received an urgent message to contact his secretary. When he did, he learned that the plaintiff's case had been scheduled for trial that day. He called the judge's office and was advised that the case had been dismissed.

According to the attorney, he and the plaintiff appeared at the judge's office the following day. They asked to see the judge, but were advised by the judge's secretary that the case had been dismissed and that the judge was busy with other matters. Plaintiff's counsel also stated that he asked the secretary to send him a copy of the dismissal order, which she agreed to do.

The plaintiff's attorney asserts that he did not receive a copy of the dismissal order. For reasons not explained, he made no further follow-up on the matter until sometime in late November or early December when, realizing the appeal time was drawing to a close, he contacted the circuit clerk's office. He then discovered that the dismissal order had been entered June 21, 1990.

The dismissal order recites the efforts made to contact the plaintiff's attorney beginning on the afternoon of May 14. It recited the appearance of defense counsel and the defendant at 9:00 a.m. on May 15, and the defendant's motion to dismiss the case, which was granted subject to this provision:

"The Court further ORDERS that this Dismissal ORDER shall become a final order of dismissal, with prejudice, unless within a period of ten (10) days from the entry of this Order plaintiff's counsel shows good cause to the undersigned why he failed to appear before the Court on Tuesday, May 15, 1990, at 9:00 a.m. or thereafter."

It is obvious from the foregoing that plaintiff's counsel failed to exercise reasonable diligence to remain in contact with the court's case management office in order to receive his trial schedule information. Moreover, as the defendant points out, even after plaintiff's attorney learned of the dismissal, he failed to avail himself of Rule 60(b) of the West Virginia Rules of Civil Procedure, which permits relief for "[m]istake, inadvertence, surprise, excusable neglect, or unavoidable cause."

We have granted relief under Rule 60(b) in several cases where there has been a judgment rendered because of the failure of counsel to appear for trial. *See, e.g., Midkiff v. Kenney,* 180 W.Va. 55, 375 S.E.2d 419 (1988); *Cordell v. Jarrett,* 171 W.Va. 596, 301 S.E.2d 227 (1982). However, in these cases, the aggrieved parties were defendants who claimed to have received no actual notice of the trial. Moreover, in each case, a monetary judgment was entered against the defendant. Despite this procedural difference, we see no reason why Rule 60(b) relief is not available to a plaintiff, a proposition which the defendant acknowledges in his brief.[1]

We have in several cases appeared to accept the fact that a Rule 60(b) motion is

---

1. On pages 3 and 4 of the defendant's brief, this statement is made:

"Should this Court determine that the appropriate remedy in this case is to reverse the dismissal order entered below by Judge King dated June 21, 1990, it is respectfully suggested that the Court further order that the trial court below hold a hearing pursuant to the provisions of Rule 60(b) of the West Virginia Rules of Civil Procedure to determine whether or not under the Rule plaintiff's counsel is entitled to reinstatement of the action based upon the grounds of mistake, excusable neglect, unavoidable cause, or other applicable grounds set forth in Rule 60(b) entitling plaintiff to proceed."

appropriate to challenge the dismissal of a plaintiff's case. In *Schupbach v. Newbrough*, 173 W.Va. 156, 313 S.E.2d 432 (1984), the appellants asserted that the circuit court erred in granting a right-of-way on their property. The gist of their claim on appeal was that they had not received proper notice of the trial date. We found that the attorney had notice, but we refused to consider whether the attorney's negligence in not attending justified a new trial for his client because the merits of this issue were before the trial court on a Rule 60(b) motion. We stated in Syllabus Point 2:

> "A Rule 60(b) motion for relief from judgment must be ruled upon by a trial court before the matters argued in the motion may be considered by the Supreme Court of Appeals."

*Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974), did not involve dismissal of the plaintiff's case for failure to appear, but, rather, dismissal on the defendant's plea of *res judicata*. However, the plaintiff's main contention on the Rule 60(b) motion was that he had not been given notice of the hearing on defendant's motion to dismiss. We held in Syllabus Point 8 that it was an abuse of discretion for the trial court not to have granted the Rule 60(b) motion.[2]

Finally, in *Blankenship v. Bowen's Roof Bolts Sales & Service*, 184 W.Va. 587, 402 S.E.2d 256 (1991), the plaintiff's case was dismissed when he failed to appear on the trial date. The plaintiff's attorney claimed that he had not received notice of the trial date. We found that the plaintiff's motion to set aside the order dismissing the case was a Rule 60(b) motion, but we made no holding to this effect in the Syllabus.

■ We conclude that a Rule 60(b) motion is the appropriate remedy to utilize when a plaintiff's case is dismissed because of the plaintiff's failure to appear for trial. From a procedural standpoint, this is preferred to a direct appeal because in a Rule 60(b) hearing, a record can be developed as to the circumstances surrounding the dismissal. This provides a proper fact basis for appellate review.

■ We have only briefly discussed a court's power to dismiss a plaintiff's case for counsel's failure to appear. *See Blankenship v. Bowen's Roof Bolts Sales & Serv., supra.* Other jurisdictions have recognized that the power to dismiss a plaintiff's case for failure to appear at trial arises under rules similar to our Rule 41(b) of the Rules of Civil Procedure, which permits the dismissal of a case for failure to prosecute.[3] *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Reizakis v. Loy*, 490 F.2d 1132 (4th Cir.1974); *Gonzales v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir.1980); *Huey v. Teledyne, Inc.*, 608 F.2d 1234 (9th Cir.1979); *State Exchange Bank v. Hartline*, 693 F.2d 1350 (11th Cir.1982); *Burdeshaw v. White*, 585 So.2d 842 (Ala.1991); *Wallace v. Jones*, 572 So.2d 371 (Miss. 1990). We agree with this proposition.

The Fourth Circuit Court of Appeals in *Reizakis v. Loy, supra,* gave one of the more elaborate discussions of this rule in reversing the dismissal of a plaintiff's case. The plaintiff's attorney had appeared for trial and stated that his chief medical witness had advised him the day before that he could not attend the trial. Plaintiff's counsel stated that when he learned of this, it was too late to subpoena the doctor. He asked for a continuance, which was refused. He then offered to put on his liability witnesses and asked to have a continuance on the damage issue. This motion

---

**2.** Syllabus Point 8 of *Toler* states:

"Where a movant demonstrates a colorably meritorious claim and offers unrefuted proof that a judgment of dismissal with prejudice was entered against him without the notice required by Rule 6(d), W.Va.R.C[iv].P., the refusal of the trial court to vacate the dismissal order pursuant to a timely motion under Rule 60(b), W.Va.R.C[iv].P., constitutes an abuse of discretion warranting a reversal and remand of the case."

**3.** The relevant portion of Rule 41(b) of the Rules of Civil Procedure is: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."

was also denied, and the dismissal order was entered.

The Fourth Circuit began by outlining the scope of Rule 41(b) of the Federal Rules of Civil Procedure and the various considerations that come into play in determining whether the case should be dismissed:

"A district court unquestionably has authority to grant a motion to dismiss for want of prosecution. Fed.R.Civ.P. 41(b). Indeed, as the Supreme Court held in *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the trial court can take such action on its own motion. But courts interpreting the rule uniformly hold that it cannot be automatically or mechanically applied. Against the power to prevent delays must be weighed the sound public policy of deciding cases on their merits.... While the propriety of dismissal ultimately turns on the facts of each case, criteria for judging whether the discretion of the trial court has been soundly exercised have been stated frequently. Rightfully, courts are reluctant to punish a client for the behavior of his lawyer.... Therefore, in situations where a party is not responsible for the fault of his attorney, dismissal may be invoked only in extreme circumstances.... Indeed, it has been observed that '[t]he decided cases, while noting that dismissal is a discretionary matter, have generally permitted it only in the face of a clear record of delay or contumacious conduct by the plaintiff.' *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir.1967). Appellate courts frequently have found abuse of discretion when trial courts failed to apply sanctions less severe than dismissal.... And generally lack of prejudice to the defendant, though not a bar to dismissal, is a factor that must be considered in determining whether the trial court exercised sound discretion." 490 F.2d at 1135. (Citations omitted).

Other courts have used a similar approach in determining whether the dismissal was proper based on the failure of plaintiff's attorney to attend the trial. *See, e.g., Camps v. C & P Tel. Co.*, 692 F.2d 120

(D.C.Cir.1981); *Richman v. General Motors Corp.*, 437 F.2d 196 (1st Cir.1971); *Gill v. Stolow*, 240 F.2d 669 (2d Cir.1957); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir.1978); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399 (5th Cir.1985); *SEC v. Power Resources Corp.*, 495 F.2d 297 (10th Cir.1974); *Davis v. Operation Amigo, Inc.*, 378 F.2d 101 (10th Cir.1967); *Burdeshaw v. White, supra; Fitzgerald v. Walker*, 113 Idaho 730, 747 P.2d 752 (1987); *Wallace v. Jones, supra.*

■ Many of the considerations outlined in *Reizakis* have been acknowledged in our cases. For example, in Syllabus Point 2 of *McDaniel v. Romano*, 155 W.Va. 875, 190 S.E.2d 8 (1972), which involved a default judgment, we stressed the policy of having cases tried on the merits:

"Although courts should not set aside default judgments or dismissals without good cause, it is the policy of the law to favor the trial of all cases on their merits."

We also recognized in Syllabus Point 3, in part, that the question of whether to grant a default judgment rested with the sound discretion of the trial court:

" 'A motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion.' Pt. 3, syllabus, *Intercity Realty Company v. Gibson*, 154 W.Va. 369, [175 S.E.2d 452 (1970).]"

Moreover, in considering the dismissal of a suit under Rule 37(b)(2)(C) for the failure of a party to comply with discovery, we stated in *Bell v. Inland Mutual Insurance Co.*, 175 W.Va. 165, 171, 332 S.E.2d 127, 132, *cert. denied sub nom., Camden Fire Ins. Ass'n v. Justice*, 474 U.S. 936, 106 S.Ct. 299, 88 L.Ed.2d 277 (1985): "The striking of pleadings and the rendering of a judgment by default under Rule 37(b)(2)(C) are considered the harshest sanctions for the failure to comply with an order compelling discovery." We went on to add that this sanction "should be used sparingly and only in extreme situations" and explained that the " 'policy of the law favor[s] dispo-

**198**

sition of cases on their merits.' " 175 W.Va. at 172, 332 S.E.2d at 134, *quoting Affanato v. Merrill Bros.*, 547 F.2d 138, 140 (1st Cir.1977). (Citations omitted). *See also Doulamis v. Alpine Lake Property Owners Ass'n, Inc.*, 184 W.Va. 107, 399 S.E.2d 689 (1990); *Hulmes v. Catterson*, 182 W.Va. 439, 388 S.E.2d 313 (1989).

In view of the fact that we have not had occasion to hold that a Rule 60(b) motion should be used upon a dismissal of a plaintiff's case for failure to prosecute when there has been a failure to appear at trial, we do not penalize the plaintiff in this case for failing to file such a motion. We note that the defense attorney has acknowledged the availability of the remedy, and, therefore, agree that this case should be remanded to the Circuit Court of Kanawha County with directions that plaintiff's counsel be given an opportunity to file a Rule 60(b) motion. The circuit court should then conduct a hearing on the motion and make a decision under the guidelines herein set out.

The judgment of the Circuit Court of Kanawha County is, therefore, reversed, and this case is remanded with directions for further proceedings.

Reversed and remanded with directions.