**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Stephen Upton,**
**Plaintiff Below, Petitioner**

**vs.) No. 19-0328** (Gilmer County 17-C-12)

**Caren Jenkins,**
**Defendant Below, Respondent**

**FILED**

**September 3, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Self-represented petitioner Stephen Upton appeals the Circuit Court of Gilmer County's March 20, 2019, order denying his motion to reinstate his complaint and granting respondent costs and attorney's fees. Respondent Caren Jenkins, by counsel Jeffrey M. Strange, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in improperly dismissing his complaint, with prejudice and without notice, for failure to prosecute; abused its discretion in denying his motion to reinstate; and abused its discretion in awarding attorney's fees and costs.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2017, petitioner filed a complaint against respondent in which he alleged that respondent defaulted on a loan agreement whereby petitioner loaned her $58,000. Petitioner additionally alleged that respondent charged $20,000 to his credit card without his knowledge or permission and that the parties agreed to add this amount to the original loan agreement. After the filing of various motions and discovery that is not pertinent to this appeal, the circuit court held a hearing in March of 2018, which petitioner attended, and scheduled the matter for a bench trial on May 24, 2018. In April of 2018, petitioner filed his second motion to compel discovery. By order entered on April 30, 2018, the circuit court set petitioner's second motion to compel discovery for hearing on May 11, 2018.

One day prior to the hearing on petitioner's second motion to compel discovery, petitioner faxed the court a letter requesting that the May 11 hearing, the discovery deadline, and the trial date all be continued because, he asserted, he had been hospitalized. Petitioner also called the court and explained that he had been hospitalized in an intensive care unit in Austin,

1

Texas. According to the circuit court, "[t]he caller ID on the [c]ourt's telephone system showed that the phone call was from a West Virginia phone number." By order entered on May 11, 2018, the court continued the May 11, 2018, hearing on petitioner's second motion to compel discovery and ordered that petitioner was required to supply medical records indicating the dates he was hospitalized in Texas within ten days. However, the circuit court denied petitioner's request to continue the bench trial scheduled for May 24, 2018. Additionally, in the order on appeal, the circuit court noted "that following the May 10, 2018, telephone call from the [petitioner], the [petitioner] did not attempt to again call the [c]ourt to determine if his request for continuance had been denied or granted." Even more importantly, petitioner "did not supply any medical records to the [c]ourt as ordered."

On May 24, 2018, respondent and her counsel appeared for the bench trial at the appointed time. Petitioner, however, did not appear. As such, the circuit court dismissed petitioner's complaint "for failure to appear and failure to prosecute."

Thereafter, on June 14, 2018, petitioner filed a response to the circuit court's May 11, 2018, order and requested a continuance. According to petitioner's response, the May 11, 2018, order was faxed to him but he does not have a personal fax machine "and therefore did not receive it until he called the [c]lerk's office to inquire about the case." Petitioner additionally "attached travel receipts indicating he was in Austin, Texas[,] from May 6, 2018, to May 23, 2018, and required wheelchair assistance at the airport, *but he did not provide any medical records*." (Emphasis added). On June 22, 2018, petitioner filed a motion to reinstate his complaint. Following additional filings, the circuit court held a hearing on petitioner's motion to reinstate on August 27, 2018, during which the court directed petitioner to submit medical records for the circuit court to review in camera in order to determine the dates petitioner was hospitalized and whether such hospitalization caused him to miss the May 11, 2018, hearing and the May 24, 2018, trial. The court also set a deadline for respondent to file her motion for attorney's fees and set another hearing for September 24, 2018. The court specifically ordered the parties to be present for the September of 2018 hearing. Thereafter, respondent filed a motion for costs and attorney's fees in the amount of $27,782.07. Petitioner filed a response to this motion in September of 2018 and also submitted "to the [c]ourt a document purported to be from a West Lake Anesthesia Group that provided services to him on May 7, 2018, as well as photos that appeared to show a leg injury." The court noted, however, that "[t]he records provided . . . did not indicate specifically which days the [petitioner] was hospitalized in the State of Texas."

The hearing scheduled for September 24, 2018, was set to begin at 9:00 a.m. That morning, petitioner "contacted the [c]ourt's secretary by telephone and stated that he would be late for the . . . hearing because he was stuck in traffic in Charleston, West Virginia." At 9:30 a.m., petitioner still had not appeared and failed to respond after any of the three times the bailiff called his name. In the order on appeal, the court "noted that its [c]ourt [r]eporter travelled that day from Sissonville, West Virginia . . . and arrived well before 9:00 a.m." The court further noted that petitioner failed to contact the court again after his contact on May 11, 2018, in order to determine if the bench trial was continued. Even more importantly, the circuit court found that petitioner still failed to provide any evidence to support his assertion that he was hospitalized in Texas on the specific dates in question. Given that petitioner failed to appear for three separate hearings, the circuit court ultimately denied his motion to reinstate because of his failure to

2

appear or otherwise prosecute the case. The court then went on to address respondent's request for attorney's fees and costs. Although the court found that it was not appropriate to grant respondent all costs and fees associated with the case, it did find that it was appropriate to award her fees and costs associated with hearings that petitioner failed to attend. Reviewing respondent's itemized attorney's fees and costs, the court ultimately awarded her $3,496.51 in attorney's fees and costs associated with those hearings. It is from the circuit court's order that petitioner appeals.

At the outset, we note that "[t]he circuit court's power to dismiss a plaintiff's case for failure to appear at trial arises under Rule 41(b) of the West Virginia Rules of Civil Procedure, which permits the dismissal of a case for failure to prosecute." Syl. Pt. 2, *Davis v. Sheppe*, 187 W. Va. 194, 417 S.E.2d 113 (1992). However, we have further explained that "[a] motion under Rule 60(b) of the West Virginia Rules of Civil Procedure is the appropriate remedy to utilize when a plaintiff's case is dismissed because of the plaintiff's failure to appear for trial." *Id*. at 194, 417 S.E.2d at 113, syl. pt. 1. Although petitioner did not specifically indicate that his motion to reinstate was filed pursuant to Rule 60(b), we nonetheless point out that

> "[a] motion to vacate a judgment made pursuant to Rule 60(b), W. Va. R.C. P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syllabus point 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974).

Syl. Pt. 2, *In re Chevie V.*, 226 W. Va. 363, 700 S.E.2d 815 (2010). With these parameters in mind, we turn now to the circuit court's denial of petitioner's motion to reinstate.

On appeal, petitioner argues that he satisfied the requirements for reinstatement by establishing good cause for his neglect in the prosecution of the case within three terms of dismissal. While petitioner is correct that this is ordinarily the standard for reinstatement after dismissal under Rule 41(b) of the Rules of Civil Procedure, he ignores the authority above dictating that reinstatement for failure to appear at trial is governed by Rule 60(b). Syl. Pt. 1, in part, *Dimon v. Mansy*, 198 W. Va. 40, 479 S.E.2d 339 (1996) ("Under W.Va.R.Civ.P. 41(b), in order to reinstate a cause of action which has been dismissed for failure to prosecute, the plaintiff must . . . make a showing of good cause which adequately excuses his neglect in prosecution of the case.") (citation omitted). Because his case was dismissed for his failure to appear for trial, petitioner was instead required to establish that he was entitled to relief from the order for one of the reasons enumerated in Rule 60(b) of the Rules of Civil Procedure, which sets forth, in relevant part, the following:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the

3

judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Petitioner's argument on appeal fails to satisfy any of the requirements of Rule 60(b) and his assertion that he established good cause for his absence at trial is not supported by the record.

As petitioner recognizes, the circuit court specifically ordered petitioner to provide good cause for his absence in the form of medical records establishing that he was hospitalized in Texas on the dates at issue in order to obtain a continuance for trial. Petitioner did not submit any such records to the circuit court prior to trial and the court's dismissal of his complaint. Further, in support of his motion for reinstatement he again failed to comply with this directive, instead submitting "travel receipts indicating he was in Austin, Texas[,] from May 6, 2018, to May 23, 2018, and required wheelchair assistance at the airport." The circuit court found that these records were insufficient to support petitioner's assertion that he could not attend trial because of a hospitalization,[1] and we find no abuse of discretion in this finding.

Furthermore, it is important to note that petitioner was also absent from the September of 2018 hearing on his motion to reinstate. Although petitioner asserts that he was stuck in traffic and notified the court of this impediment, the court noted that the court reporter traveled to the hearing from a location close to the location from which petitioner was travelling and arrived at the hearing in a timely manner. Petitioner not only failed to establish good cause for his failure to attend the trial in this matter, but he also failed to establish good cause for his failure to attend the September of 2018 hearing. In short, petitioner's dereliction of his responsibility to prosecute the case below could not be any clearer.

While petitioner asserts on appeal that his case was not ripe for dismissal because of respondent's failure to participate in discovery, as evidenced by his filing of two motions to compel discovery, petitioner again fails to recognize his own dereliction, given that he requested a continuance of the hearing on his second motion to compel without providing evidence of good cause and failed to remain diligent in his communication with the court in this regard. As this Court has warned in the context of dismissals for failure to prosecute, "[t]o be clear, we squarely

---

[1]In his motion to reinstate, petitioner attempted to explain his failure to comply with the circuit court's order by asserting that his "medical records are not in his possession and are protected by federal law." Petitioner did not, however, provide the court with any evidence of his efforts to obtain these records by request, subpoena, or any other mechanism. Further, as noted above, petitioner also submitted a document that the circuit court found was "purported to be from a West Lake Anesthesia Group that provided services to him on May 7, 2018, as well as photos that appeared to show a leg injury." Not only did the court find that the document failed to establish any specific date that petitioner may have been hospitalized in Texas, but petitioner also failed to include this document in the record on appeal to this Court. As such, any reliance on this document does not entitle petitioner to relief.

4

hold that a plaintiff has a continuing duty to monitor a case from the filing until the final judgment, and where he or she fails to do so, the plaintiff acts at his or her own peril." *Dimon*, 198 W.Va. at 45, 479 S.E.2d at 344. Here, petitioner requested a continuance approximately two weeks prior to trial and thereafter failed to monitor the case. While petitioner asserts that he did not receive the circuit court's order denying the continuance because it was faxed instead of mailed, the fact remains that he had a duty to monitor the case, which he abdicated. Even more importantly, once petitioner was made aware of the circuit court's requirement for establishing good cause for his absence, he made no effort to provide the court with the records in question. Having established no error in the circuit court's denial of petitioner's motion to reinstate because of petitioner's continued refusal to provide the court with the requested documentation, we similarly find no error in the circuit court's initial dismissal of petitioner's complaint. Further, we find no error in the circuit court dismissing the complaint with prejudice. *Id*. ("It is well settled that a dismissal by a circuit court under Rule 41(b) for failure to prosecute operates as an adjudication on the merits and, unless reinstated by subsequent court order, such a dismissal is with prejudice.").

Finally, petitioner argues that the circuit court erred in awarding respondent attorney's fees and costs below. We find no error in this determination. Petitioner is correct that "[a]s a general rule each litigant bears his or her own attorney's fees absent a contrary rule of court or express statutory or contractual authority for reimbursement." Syl. Pt. 2, *Sally-Mike Properties v. Yokum*, 179 W. Va. 48, 365 S.E.2d 246 (1986). However, petitioner ignores the circuit court's authority to impose sanctions for failure to obey a scheduling order. According to Rule 16(f) of the West Virginia Rules of Civil Procedure,

> [i]f a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), and (D). *In lieu of or in addition to any other sanction, the judge may require the party or the attorney representing the party or both to pay reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees*, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

(Emphasis added).[2] Further, this Court has explained that

---

[2]Although the circuit court below did not rely on this rule in awarding respondent attorney's fees and, in fact, denied respondent's motion for sanctions under Rule 11 of the Rules of Civil Procedure by finding that such an award would be unduly punitive in light of having already awarded respondent certain fees and costs, we nonetheless note that this Court may affirm a ruling for any reason apparent from the record. Syl. Pt. 2, *Adkins v. Gatson*, 218 W. Va.

(continued . . . )

"[i]n formulating the appropriate sanction, a court shall be guided by equitable principles. Initially, the court must identify the alleged wrongful conduct and determine if it warrants a sanction. The court must explain its reasons clearly on the record if it decides a sanction is appropriate. To determine what will constitute an appropriate sanction, the court may consider the seriousness of the conduct, the impact the conduct had in the case and in the administration of justice, any mitigating circumstances, and whether the conduct was an isolated occurrence or was a pattern of wrongdoing throughout the case." Syl. Pt. 2, *Bartles v. Hinkle*, 196 W.Va. 381, 472 S.E.2d 827 (1996).

Syl. Pt. 3, *Warner v. Wingfield*, 224 W. Va. 277, 685 S.E.2d 250 (2009).

As outlined above, petitioner moved to continue the May 11, 2018, hearing on his motion just one day prior to the hearing and failed to appear for the trial of this matter. While petitioner asserted that his absence was necessitated by his hospitalization in Texas, the circuit court gave him multiple opportunities to provide evidence to establish that his failure to appear was not the result of bad faith, which petitioner failed to do. Further, despite being directed to appear in person for the hearing in September of 2018, petitioner again failed to appear. In short, petitioner's conduct established a pattern of disrespect for the circuit court's orders scheduling hearings in the matter below. The circuit court clearly expressed that it was granting respondent "attorney's fees related to the hearings" for which petitioner did not appear, instead of granting her request for attorney's fees and costs associated with the entirety of the litigation. As such, we find no error in the circuit court's award of attorney's fees and costs limited to those hearings for which petitioner failed to appear.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 3, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

332, 624 S.E.2d 769 (2005) ("'This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.' Syllabus point 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965).").

6