**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 23, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CHARIE CLIFFORD,

    Plaintiff - Appellant,

v.

DEWBURY HOMES; HOUSING
AUTHORITY OF SALT LAKE
COUNTY,

    Defendants - Appellees.

No. 22-4090
(D.C. No. 2:18-CV-00522-RJS)
(D. Utah)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, **BALDOCK**, and **MCHUGH**, Circuit Judges.
_____

Charie Clifford appeals the dismissal by the United States District Court for the

District of Utah of her complaint for failure to prosecute. We affirm.

**I.    BACKGROUND**

On January 5, 2013, Ms. Clifford signed a lease agreement with Dewbury

Homes (Dewbury) for a duplex unit in West Valley City, Utah. This landlord-tenant

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

relationship arose out of a housing-assistance program run by the Housing Authority of Salt Lake County (the Housing Authority). On January 3, 2015, Ms. Clifford moved out of the unit. Ms. Clifford had two later Housing Authority-funded tenancies (one with a nonparty private landlord and one with the Housing Authority as landlord).

Ms. Clifford's initial complaint against Dewbury and the Housing Authority (collectively, Defendants) was filed on July 3, 2018. In her amended complaint filed about four months later, Ms. Clifford alleged that Defendants had violated a number of federal statutes and regulations. Most of her claims were dismissed by the district court on January 11, 2022, leaving Ms. Clifford with two claims (the Surviving Claims): "(1) that Dewbury violated [24 C.F.R. § 247.4(d)] in modifying [Ms.] Clifford's lease, and (2) that [both Defendants] violated 24 C.F.R. §§ 92.253(c) and 274.4(c)'s eviction requirements when they evicted [Ms.] Clifford [at the end of] 2014." *Clifford v. Dewbury Homes*, No. 2:18-cv-00522-RJS-DAO, 2022 WL 102279, at *1 (D. Utah Jan. 11, 2022) (*Clifford I*). On appeal Ms. Clifford briefly refers to *Clifford I* but does not mention the individual claims that the district court dismissed in that decision, let alone explain how the district court erred in dismissing them. We therefore do not consider the propriety of the district court's decision in *Clifford I*. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("[A]rguments that are inadequately presented in an opening brief, such as those presented only in a perfunctory manner," are "deemed abandoned or waived." (original brackets, ellipsis, and internal quotation marks omitted)).

On August 8, 2022, the district court sua sponte issued an order for "[Ms.] Clifford to show cause why this case should not be dismissed for failure to prosecute." Aplt. App. at 441. The court recounted that "[o]n multiple occasions since June 2020, mail ha[d] been sent to the address on file for [Ms.] Clifford, only to be returned" to the court. *Id.* The court also noted that it had sent the *Clifford I* order to the address on file for Ms. Clifford, only for it to be returned as unclaimed. Although the court had issued a docket text order "directing the parties to meet and confer regarding the Surviving Claims" and "to submit a stipulated scheduling order . . . within fourteen (14) days" of April 25, 2022, that deadline had passed without any scheduling order being submitted. *Id.* at 443. A copy of the April 25 docket order had been mailed to Ms. Clifford, but that, too, was returned as unclaimed. The court warned that it would "dismiss the Surviving Claims without prejudice and close the case in twenty-one (21) days unless [Ms.] Clifford show[ed] cause why this case should not be dismissed for failure to prosecute." *Id.* On September 1, 2022, the mailed order to show cause was also returned to the court as unclaimed.

On September 14, 2022, the district court dismissed Ms. Clifford's Surviving Claims without prejudice for failure to prosecute, and it ordered the case closed. *See Clifford v. Dewbury Homes*, No. 2:18-cv-00522-RJS-DAO, 2022 WL 4591089, at *1 (D. Utah Sept. 14, 2022) (*Clifford II*). Ms. Clifford timely appealed. We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. *See Coffey v. Whirlpool Corp.*, 591 F.2d 618, 620 (10th Cir. 1979) (per curiam) (Where a dismissal without prejudice

3

"is intended to dispose of the cause of action, as where the dismissal is for failure to prosecute, then it is appealable.").

## II.    DISCUSSION

"A trial court may, on motion of a defendant or on its own motion, dismiss an action for failure of the plaintiff to prosecute it with reasonable diligence." *SEC v. Power Res. Corp.*, 495 F.2d 297, 298 (10th Cir. 1974) (per curiam). We review for abuse of discretion a district court's dismissal of a case for failure to prosecute. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007). Thus, we will reverse only if the district court has "made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Fresquez v. BNSF Ry. Co.*, 52 F.4th 1280, 1311 (10th Cir. 2022) (internal quotation marks omitted).

Because Ms. Clifford is a pro se litigant, we construe her filings liberally, but we will not make arguments on her behalf. *See Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1024 (10th Cir. 2012). Her sole adequately preserved argument on appeal is that she "did not get notice of [the] order to show cause" entered on August 8, 2022, because "the notice was returned to [the] court as undeliverable." Aplt. Br. at 4. But the record demonstrates that if she did not get notice, it was her fault. Ms. Clifford sent the court a change-of-address form on August 7, 2020; the court received it on August 14, 2020. The address listed on this change-of-address form matches the addresses appearing through the windows of envelopes later returned to the district court as "unclaimed."[1] The

---

[1] The address listed on Ms. Clifford's August 2020 change-of-address form is that of a United States Post Office in Magna, Utah; we take judicial notice of this fact

identity between the address provided by Ms. Clifford and the addresses for the envelopes sent by (and returned to) the court shows that the failure to communicate was not the result of an error by the clerk; and we presume that the mail was delivered as addressed. *See Crude Oil Corp. of Am. v. Comm'r of Internal Revenue*, 161 F.2d 809, 810 (10th Cir. 1947) ("When mail matter is properly addressed and deposited in the United States mails, with postage duly prepaid thereon, there is a rebuttable presumption of fact that it was received by the addressee in the ordinary course of mail."). Ms. Clifford does not claim she was unable to access the post office during the relevant time period. *Cf. Haynes v. Turner Bass & Assocs.*, No. 20-40787, 2022 WL 2383855, at *1 (5th Cir. July 1, 2022) (per curiam) (unpublished) (dismissal for failure to prosecute was abuse of discretion when "the church to which [the plaintiff's] mail had been sent" had been "closed due to the pandemic," and the plaintiff "had repeatedly called the district court for updates," and "had promptly provided a new address and filed the motion to reopen and request for reconsideration after she received [the mailed] notification of the dismissal" upon the church's reopening).

Perhaps Ms. Clifford changed mailing addresses without notifying the court (and without setting up a forwarding address). But we have said that parties "bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change." *Theede v. U.S. Dep't of Lab.*, 172 F.3d 1262, 1267 (10th

---

because it is a matter of public record and is not subject to reasonable dispute. *See Tatten v. City & County of Denver*, 730 F. App'x 620, 624 n.2 (10th Cir. 2018); Fed. R. Evid. 201(b)(2). The change-of-address form was not included in the record on appeal, but we may take judicial notice of the contents of district-court docket entries. *See Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014).

Cir. 1999). "The fact that [a party] is acting pro se does not eliminate this burden." *Id.* The District of Utah has codified this requirement in Local Civil Rule 83–1.3(e), which provides: "In all cases, counsel and parties appearing pro se must notify the Clerk's Office immediately of any change in address, email address, or telephone number." If Ms. Clifford's address changed after August 2020, she needed to update the district court in a reasonably prompt manner. She must suffer the consequences of failing to do so, including dismissal. *See Theede*, 172 F.3d at 1267 (appellant waived right to appellate review because he failed to timely object to magistrate's recommendation; he did not receive the recommendation in time but that was because of his "failure to direct the district court's attention to [his] change of address"); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (per curiam) (affirming dismissal for failure to prosecute where "Order Directing Service of Process and Procedures" sent to plaintiff by court was returned as undeliverable; local rule "confer[red] discretion on the court to dismiss a pro se plaintiff's action if the plaintiff fail[ed] to keep the court apprised of his correct address"); *see also Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980) (per curiam) ("It is incumbent on litigants, even those proceeding pro se, to follow the federal rules of procedure. The same is true of simple, nonburdensome local rules such as [using required forms for habeas petitions and civil-rights claims]." (citation omitted)).

An alternative possibility is simply that Ms. Clifford went an unreasonably long time without checking for her mail at the post office. But "a litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court

6

during the pendency of h[er] lawsuit." *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005). By "repeatedly ignor[ing] court orders" mailed to the address that she provided— and by not taking other steps to keep abreast of the litigation, such as consulting the online docket or calling the court for updates—Ms. Clifford "hindered the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party." *Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (internal quotation marks omitted). That failure, too, can justify dismissal. *See id.*; *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993).

Ms. Clifford has not suggested any legitimate ground for failing to claim her mail. We do not regard the sanction of dismissal as unduly harsh under the circumstances. Given Ms. Clifford's incommunicado status, any attempt to "contact [Ms. Clifford] to threaten h[er] with some lesser sanction . . . would only find itself taking a round trip tour through the United States mail." *Carey*, 856 F.2d at 1441. We therefore conclude that the district court did not abuse its discretion in dismissing Ms. Clifford's action for failure to prosecute.

## III.    CONCLUSION

We **AFFIRM** the district court's order of dismissal.

Entered for the Court

Harris L Hartz
Circuit Judge

7