# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**AVORY WILLIAMS, JR.,**
**Plaintiff Below, Petitioner**

**v.) No. 24-ICA-365**    (Cir. Ct. Kanawha Cnty. Case No. CC-20-2024-C-AP-37)

**STOP BUY AUTO,**
**Defendant Below, Respondent**

**FILED**
**March 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Avory Williams, Jr., appeals the July 17, 2024, order of the Circuit Court of Kanawha County which dismissed his appeal from magistrate court. Respondent Stop Buy Auto filed its response.[1] No reply was filed. The issue on appeal is whether the circuit court erred in dismissing Mr. Williams' appeal.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

At the outset, we note that the factual history in this case is quite sparse. According to Mr. Williams, he took his car to Stop Buy Auto for repairs, but when he picked it up, it had more problems than when he dropped it off. Mr. Williams filed a claim in the Magistrate Court of Kanawha County, which was resolved in favor of Stop Buy Auto by order dated March 5, 2024. Mr. Williams appealed the March 5, 2024, judgment order in the Kanawha County Circuit Court.

The circuit court noticed the matter for hearing on May 23, 2024, and again on July 11, 2024, but Mr. Williams failed to appear either time. Consequently, on motion of the respondent, the court dismissed the appeal with prejudice as Mr. Williams twice failed to appear and prosecute the appeal. It is from this dismissal order that Mr. Williams now appeals.

---

[1] Mr. Williams is self-represented. Stop Buy Auto is represented by Michael T. Clifford, Esq.

1

We review de novo the circuit court's order granting respondent's motion to dismiss. *See* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995).

On appeal, Mr. Williams raises two assignments of error. First, he argues that the magistrate erred in his ruling because he was not knowledgeable about cars. However, we decline to consider this argument as it pertains to the substance of the March 5, 2024, judgment order from the magistrate court, which is not on appeal, rather than the July 11, 2024, dismissal order of the circuit court, which is before us.

For his second assignment of error, Mr. Williams states that he forgot about the court date "probably because I was out working or looking for a job at the time. That was an honest mistake." Mr. Williams does not identify which court date he refers to, or how this statement reflects an error by the circuit court. Moreover, there are no supporting points of fact and law or any citations to the record to assist our understanding of the argument. As we have observed previously, we cannot consider indecipherable arguments made in appellate briefs. *See Vogt v. Macy's*, Inc., 22-ICA-162, 2023 WL 4027501, at *4 (W. Va. Ct. App. June 15, 2023) (memorandum decision) (citing *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (explaining that appellate courts frequently refuse to address undeveloped, perfunctory, or cursory arguments on appeal.); *see also Megan W. v. Robert R.,* No. 23-ICA-353, 2024 WL 1592600, at *5 (W. Va. Ct. App. Feb. 27, 2024) (memorandum decision) ("It is well established that, '[a] skeletal "argument," really nothing more than an assertion, does not preserve a claim[.]'") (quoting *State v. Lambert*, 236 W. Va. 80, 100, 777 S.E.2d 649, 669 (2015)). Although this assignment of error may be intended as part of an argument that Mr. Williams had good cause not to appear at one of the scheduled hearing dates before the circuit court, because the argument is completely undeveloped and the briefing and record contain no factual or legal support, we cannot find any error in the circuit court's order on this basis. [2]

Accordingly, finding no basis to disturb the circuit court's ruling, we affirm its July 17, 2024, order.

Affirmed.

---

[2] Additionally, there is no indication in the briefing or the appendix that Mr. Williams challenged the dismissal order before the circuit court. The Supreme Court of Appeals of West Virginia has held that "[a] motion under Rule 60(b) of the West Virginia Rules of Civil Procedure is the appropriate remedy to utilize when a plaintiff's case is dismissed because of the plaintiff's failure to appear for trial." Syl. Pt. 1, *Davis v. Sheppe*, 187 W. Va. 194, 417 S.E.2d 113 (1992).

**ISSUED:** March 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White