# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**GREGORY H. SCHILLACE,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-38**          (Cir. Ct. of Harrison Cnty. Case No. CC-17-2023-C-197)

**EDWARD RYAN WILSON,**
**Defendant Below, Respondent**

**FILED**
**August 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Gregory H. Schillace appeals the Circuit Court of Harrison County's December 27, 2024, Order Dismissing Case Without Prejudice, which dismissed his case for failure to prosecute. Respondent Edward Ryan Wilson did not file a response.[1] The issue on appeal is whether the circuit court properly dismissed Mr. Schillace's case for failure to prosecute.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's order but no substantial question of law. For the reasons set forth below, a memorandum decision reversing and remanding for further proceedings is appropriate under Rule 21(d) of the West Virginia Rules of Appellate Procedure.

On August 28, 2023, Mr. Schillace filed his complaint against Mr. Wilson. The complaint is ten sentences long and alleges generally that Mr. Schillace contracted with Mr. Wilson to provide legal services, which Mr. Schillace performed satisfactorily. The complaint alleges that Mr. Wilson failed to pay Mr. Schillace $28,300.30 for services and expenses advanced.

On October 3, 2023, Mr. Schillace filed a copy of a summons that indicated that service of process was effectuated at Mr. Wilson's residence upon Ashley Roob, Mr. Wilson's cousin, who lived at his residence and was over the age of sixteen. On October 6, 2023, Mr. Schillace filed his Request of the Plaintiff for Entry of Default which included an affidavit by Mr. Schillace that stated, based upon his personal knowledge, Mr. Wilson was not a "soldier" against whom default may not be taken. On October 6, 2023, the Clerk of the Circuit Court of Harrison County entered default against Mr. Wilson pursuant to Rule 55(a) of the West Virginia Rules of Civil Procedure.

---

[1] Mr. Schillace is self-represented.

1

On February 23, 2024, Mr. Schillace filed his Motion for Entry of Judgment by Default. According to Mr. Schillace's Motion, Mr. Wilson paid a total of $28,926.39 to Mr. Schillace by July 9, 2021, but still owed him a remaining balance of $28,300.30 plus $2,279.04 in interest. The motion also asserted the damages were for a sum certain because the services rendered and expenses advanced were for a definite amount and the interest amount is rendered certain by simple computation. On May 16, 2024, the circuit court entered its Order Setting Aside Default and Setting Hearing on Whether the Plaintiff's Case Should be Dismissed Without Prejudice for the Plaintiff's Failure to Prosecute. In that order, the circuit court set aside the default entered by the clerk, held that the complaint sought damages for an open account for attorney's fees and therefore was not for a sum certain, and the billing statements attached to Mr. Schillace's motion demonstrated that Mr. Schillace engaged in the unauthorized practice of law. The circuit court noted that Mr. Schillace, by his non-appearance, chose not to prosecute his case and set the matter for further hearing as to whether the matter should be dismissed pursuant to Rule 41(b) of the West Virginia Rules of Civil Procedure.

On June 21, 2024, Mr. Schillace filed a motion to alter or amend the May 16, 2024, Order. In that filing, Mr. Schillace argued that the circuit court's order was based on inaccurate interpretation of Rule 55(a) of the West Virginia Rules of Civil Procedure, misstated the law and facts, and was the product of bias and undue prejudice. Mr. Schillace attached an affidavit to his motion where he swore that he never received notice of the April 12, 2024, hearing.

On December 17, 2024, Mr. Schillace filed his Motion to Disqualify the circuit court judge. On December 20, 2024, the Supreme Court of Appeals of West Virginia denied Mr. Schillace's motion.[2]

On December 27, 2024, the circuit court entered its Order Dismissing Case Without Prejudice. In that order, the circuit court found and concluded that Mr. Schillace engaged in the unauthorized practice of law, failed to communicate in writing the basis or rate of the fee and expenses Mr. Wilson would be responsible for, failed to demonstrate that he served Mr. Wilson, failed to demonstrate that Mr. Wilson was not in the military, took inconsistent positions as to whether his damages were for a sum certain, and voluntarily failed to appear for the hearing. As a result, the circuit court ordered the case to be dismissed for failure to prosecute. It is from this order that Mr. Schillace appeals.

On appeal, "[w]e review a circuit court's order dismissing a case for inactivity pursuant to Rule 41(b) under an abuse of discretion standard." *Caruso v. Pearce*, 223 W. Va. 544, 547, 678 S.E.2d 50, 53 (2009) (citations omitted).

---

[2] On December 19, 2024, the circuit court filed its response to Mr. Schillace's motion to disqualify wherein the circuit court denied any bias or prejudice.

On appeal, Mr. Schillace asserts that the circuit court erred in dismissing his case for failure to prosecute. We agree. Rule 41(b) of the West Virginia Rules of Civil Procedure provides that a defendant may move for involuntary dismissal if the plaintiff fails to prosecute or comply with the rules of civil procedure or a court order, and also states as follows:[3]

> Any court in which is pending an action wherein for more than one year there has been no order or proceeding, or wherein the plaintiff is delinquent in the payment of accrued court costs, may, in its discretion, order such action to be struck from its docket; and it shall thereby be discontinued.

Because dismissing an action for failure to prosecute is such a harsh sanction, dismissal is appropriate only in "flagrant" cases.[4] *Dimon v. Mansy,* 198 W. Va. 40, 479 S.E.2d 339 (1996). Further, it is the policy of the law to favor the trial of all cases on their merits. Syl. Pt. 2, in part, *McDaniel v. Romano,* 155 W. Va. 875, 190 S.E.2d 8 (1972).

Here, none of the grounds for involuntary dismissal pursuant to Rule 41(b) appear to be applicable because Mr. Wilson did not move for dismissal, the action was not pending for more than one year without an order or proceeding, and there is nothing to indicate that Mr. Schillace was delinquent in the payment of accrued costs.[5]

Additionally, none of the reasons put forth by the circuit court justify the harsh sanction of dismissal. While Mr. Schillace missed a hearing, the hearing was not the trial date,[6] and the opposing party was not prejudiced as Mr. Wilson failed to appear for the

---

[3] At the time the circuit court issued its order, the proceedings were governed by the version of Rule 41 adopted by the Supreme Court of Appeals of West Virginia in 1998. While Rule 41 was amended by the Supreme Court, effective January 1, 2025. No changes were made that affect this appeal.

[4] In *Dimon*, the Supreme Court of Appeals specifically addressed dismissal with prejudice as a sanction. However, we find that its reasoning is instructive for dismissals without prejudice.

[5] The Court notes that while the circuit court may possess the inherent power to sua sponte clear its docket of inactive cases, it is clear from the record in this matter that the circuit court relied on Rule 41 for dismissal of this matter instead of any inherent power it might possess. *See Gray v. Johnson*, 165 W. Va. 156, 267 S.E.2d 615 (1980); *Perlick and Co. v. Lakeview Creditor's Trustee Comm.*, 171 W. Va. 195, 298 S.E.2d 228 (1982) (opining that Rule 41 is an extension of the "inherent power" of courts to clear their dockets of dormant cases.).

[6] The Supreme Court of Appeals has held that "[t]he circuit court's power to dismiss a plaintiff's case for failure to appear at trial arises under Rule 41(b) of the West Virginia

3

hearing as well. Further, if the circuit court did not believe that Mr. Schillace's knowledge that Mr. Wilson was not a "soldier" was sufficient, it appears the proper remedy is to require Mr. Schillace to file a bond. *See* 50 U.S.C. § 3931(b)(3). Likewise, the circuit court's conclusion that Mr. Schillace did not demonstrate that he served Mr. Wilson is directly contradicted by the circuit court's May 16, 2024, order, wherein the circuit court specifically states that service of process on Mr. Wilson was made on August 28, 2023. Lastly, whether Mr. Schillace was licensed to practice law when some of the damages occurred, whether there was a fee agreement in place, and whether Mr. Schillace's damages are for a sum certain are issues regarding damages Mr. Schillace may be entitled to rather than his prosecution of the case.

Accordingly, in line with our policy of favoring resolution on the merits and reserving dismissal for only the most flagrant cases, we conclude that the circuit court abused its discretion by dismissing this matter for failure to prosecute. We reverse the circuit court's December 27, 2024, dismissal for failure to prosecute and remand for further proceedings consistent with this decision.[7]

Reversed and Remanded.

**ISSUED:** August 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

Rules of Civil Procedure, which permits the dismissal of a case for failure to prosecute." Syl. Pt. 2, *Davis v. Sheppe*, 187 W. Va. 194, 417 S.E.2d 113 (1992). Because we find that dismissal was an abuse of discretion under the facts of this case, we need not decide whether the circuit court's power to dismiss for failure to appear even applies to a hearing on a motion for default judgment.

[7] While Mr. Schillace argues in his brief that the circuit court erred in setting aside the default of Mr. Wilson in its May 16, 2024, order, Mr. Schillace did not assert this issue as an assignment of error, did not note that the May 16, 2024, order was being appealed, and did not attach the May 16, 2024, order to his notice of appeal. Accordingly, the Court declines to address this alleged error as not adequately asserted.